# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 3, 2011

Lyle W. Cayce
Clerk

No. 10-50123
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE MANUEL SOTO-YANES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No.1:09-CR-360-1

Before DeMOSS, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Manuel Soto-Yanes (Soto) appeals the 60-month sentence imposed by the district court following his guilty plea to illegal reentry after deportation. Soto argues that the sentence was substantively unreasonable. He does not argue a procedural error. We generally review the substantive reasonableness of a sentence for an abuse of discretion in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005); *United States v. Delgado-Martinez,* 564 F.3d 750, 752 (5th Cir. 2009). "A

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v.Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).  However, Soto acknowledges that he did not object to the reasonableness of the sentence after it was imposed .  Therefore, under this circuit's precedent, review is for plain error.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Soto's argument that application of U.S.S.G. § 2L1.2 renders his sentence unreasonable because it effectively results in the double counting of a defendant's criminal history has been rejected by this court.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009).  Although the instant reentry offense was not necessarily a crime of violence, Soto has a history of repetitive criminal conduct, including violent crime.  Even if we accept Soto's assertion regarding his motive for returning to this country, he  has not shown that his sentence was unreasonable, nor has he rebutted the presumption of reasonableness that attaches to his within-Guideline sentence. *See Campos-Maldonado*, 531 F.3d at 338.  Accordingly, he has not shown error, plain or otherwise.

AFFIRMED.